UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES H MCCLENTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-12-264 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE - MCCONNELL UNIT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

Plaintiff, a TDCJ prisoner proceeding *pro se*, filed his letter complaint on August 21, 2012 complaining of corruption of the personnel at TDCJ's McConnell Unit in Beeville, Texas (D.E. 1). Despite receiving numerous notices and orders to show cause (D.E. 3, 5, 9), and two orders to file his complaint on a standard Section 1983 form (D.E. 7, 9), plaintiff has yet to comply. Moreover, although he continues to file papers, his statements are nonsensical and he does not appear to be complaining about any single violation of his own constitutional rights, but rather about corruption involving the actions of other prisoners and TDCJ guards.

Rule 41(b) of the Federal Rules of Civil Procedure, provides as follows:

(b) **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

This rule has been interpreted to include the power of the District Court to *sua sponte* dismiss an action for failure to prosecute. *Martinez v. Johnson*, 204 F.3d 769, 772 (5th Cir. 1997) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* (citing *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 1388 (1962)). If the dismissal is with prejudice, the district court must first determine that the failure to comply was the result of purposeful delay or contumaciousness, and the record must reflect that the district court employed lesser sanctions before dismissing the action. *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).

Here petitioner has four times failed to comply with notices and court orders (D.E. 3, 5, 7, 9). In each order or notice, plaintiff was notified that failure to comply could result in dismissal for want of prosecution. The court cannot move forward on the merits of the complaint without some understanding of the claims made by plaintiff and without the filing fee or an application to proceed *in forma pauperis*. 28 U.C.C. § 1915.

Accordingly, it is respectfully recommended that plaintiff's complaint be dismissed without prejudice for want of prosecution. FED. R. CIV. P. 41(b).

Respectfully submitted this 20th day of November, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).